IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:03cr172-MHT |
| | ) | (WO) |
| CALVIN LAVALLE COUCH | ) | |

**OPINION AND ORDER REGARDING INSTITUTIONALIZATION**

On October 12, 2022, the court held a hearing on a petition to revoke defendant Calvin Lavalle Couch's term of supervised release. *See* Revocation Petition (Doc. 351). That same day, after Couch pled guilty to the charges (which were mostly drug-related), the court entered an order continuing sentencing. *See* Order (Doc. 370). The court further ordered that, pending sentencing, Couch was to be released from custody so as immediately to undergo substance-abuse and mental-health treatment in an in-patient facility. *See id.*

The revocation petition has now been amended to add two new charges for drug-related violations allegedly occurring after his recent release. *See* Amended Revocation Petition (Doc. 372). Couch has been

rearrested and is now awaiting action on the new charges in the amended petition as well as sentencing on the charges in the original petition.

Considering these recent developments and Couch's past, the court is concerned about whether his treatment under supervision so far has addressed that he may suffer from what is called "institutionalization." As psychologist Craig Haney has observed, persons who have been institutionalized for a long time often "face more difficult and problematic transitions as they return to the freeworld."*

---

\*Craig Haney, *The Psychological Impact of Incarceration: Implications for Post-Prison Adjustment*, Urban Institute 77-81 (Jan. 30, 2002), https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&ved=2ahUKEwiE3qTA3ef6AhVNEFkFHXnGDGcQFnoECAoQAQ&url=https%3A%2F%2Fwww.urban.org%2Fsites%2Fdefault%2Ffiles%2Fpublication%2F60676%2F410624-The-Psychological-Impact-of-Incarceration.PDF&usg=AOvVaw0aHClv302sQ5fJH3p4sJuN.

"Institutionalization" is the term used to describe "the process by which inmates are shaped and transformed by the institutional environments in which they live." *Id*. Put differently, institutionalization is the "shorthand expression for the negative psychological effects of imprisonment" resulting from the process of adapting to being institutionalized and becoming "more

2

The record indicates that Couch has an extremely long history of institutionalized life:

(1) At the age of four, he was placed in foster care, where he lived for the next 10 years either in different foster homes or in a dormitory-style foster-care facility. *See* Report (Doc. 318) at 3.

(2) He was homeless from age 15 to 17. *Id*. at 6.

(3) He was incarcerated in a juvenile facility from 17 to 18. *Id*. at 6.

(4) He was convicted of possession of contraband at 25 and was incarcerated in a work-release facility for nearly two years until December 2001. *See* Presentence Investigation Report (Doc. 314).

---

accustomed to the restrictions that institutional life imposes." *Id.* This process can create a "dependence on institutional structure and contingencies" that can cause "profoundly institutionalized persons" to be "extremely uncomfortable when and if their previous freedom and autonomy is returned." *Id.* at 81.

3

(5) In 2004, at the age of 29, he was sentenced to life in prison for drug-related offenses. *See* Judgment (Doc. 195). He served approximately 17 years in prison before he was placed on supervised release in 2020.

(6) He has been under supervision for the past two years. He successfully completed a three-month residential recovery program, but, when he gained more freedom and responsibility (like maintaining gainful employment) at a six-month residential reentry program, he was terminated. *See* Psychiatric Report (Doc. 369) at 4.

(7) As indicated above, he allegedly used methamphetamine shortly after being recently released from custody for substance-abuse and mental-health treatment. *See* Amended Revocation Petition (Doc. 372) at 3.

Based on this evidence that Couch has been institutionalized for most of his life, and that he has faced difficulties when given increasing amounts of

4

freedom, the court is concerned as to whether Couch's treatment has adequately accounted for and specifically addressed the possible effects of institutionalization on Couch. *See Gavin v. Comm'r, Alabama Dep't of Corr.*, 40 F.4th 1247, 1259 (11th Cir. 2022) (discussing institutionalization as potential mitigation evidence). That is, the court is concerned as to whether the process of institutionalization is causing him to face a "more difficult and problematic transition[] as [he] return[s] to the freeworld," *supra note *,* and if so, how the court should take institutionalization into account in proceeding on the amended revocation petition.

* * *

Accordingly, it is ORDERED that the parties and probation should be prepared to discuss, at the next proceeding in this case, how the court, the parties, and probation should address defendant Calvin Lavalle Couch's

institutional history and the possible effects of institutionalization.

DONE, this the 1st day of November, 2022.

                                               /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**