IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
    v.                      )      2:03cr172-MHT
                            )           (WO)
CALVIN LAVALLE COUCH        )
```

ORDER

In 2004, defendant Calvin Lavalle Couch was sentenced to life in prison, which was modified in 2010 to a sentence of 240 months, followed by 10 years of supervised release. In September 2020, he began supervised release.

On October 12, 2022, after he was arrested, he pled guilty to five charges of violating his conditions of supervised release. The charges were mostly drug related. Pending sentencing, the court released him to a local facility for treatment. Unknown to the parties, the facility was not drug testing Couch. Nonetheless, Couch was expelled from the facility after the facility received word from the United States Probation Office that Couch had tested positive for a controlled

substance.  He was then rearrested on two more drug-related charges of violating his conditions of supervised release.  On December 7, 2022, Couch pled guilty to these two additional charges.

The government, defense counsel, and the supervising probation officer propose that the court continue sentencing generally on the seven charges and allow Couch to attend a dual-diagnosis treatment facility called Ascensa Health (formerly known as St. Jude's Recovery Center) in Atlanta, Georgia; that, at this facility, he will attend a six- to 12-month residential program where he will be provided both substance-abuse and mental-health treatment; that the program will start out as a strictly residential program where he will not be allowed to leave the facility except for prescribed and supervised reasons and would receive structured services while there; and that, over time, he will be allowed to begin working outside of the facility while continuing to reside at the facility and continuing to receive services there.

They also represent that Couch has not been formally admitted yet to Ascensa and will not be able to be formally admitted until he presents there and has completed an initial intake process; that the facility staff indicate there is no reason he would not be admitted; that in the last year, 100 % of individuals who present at the initial interview are admitted; that Ascensa requires that he be accompanied by someone to the facility and that that person remain on site until he has been formally admitted; that the initial interview process occurs at 7:30 a.m. eastern time on a date that will be determined later, once the court has ordered that he can be released to the facility; and that the present expectation is that there will be a space available for him in mid-January 2023.

***

The court having agreed to this proposal on the record at the hearing on December 7, 2022, it is ORDERED that:

(1) Defendant Calvin Lavalle Couch, having been

previously adjudged guilty of charges 1, 2, 3, 4, and 5 of the original petition (Doc. 351), *see* Order of Adjudication (doc. 370), is also adjudged guilty of charges 6 and 7 of the amended petition (Doc. 372).

(2) Sentencing for defendant Couch is continued generally.

(3) Defendant Couch's conditions of supervised release are, pending sentencing, modified to include the following:

    (a) Defendant Couch is to enter Ascensa Health as soon as a bed is available and to complete successfully its inpatient treatment program while complying with all its requirements.  He is to remain in the custody of the United States Marshal until a bed becomes available.

    (b) The United States Marshal is to release defendant Couch to the custody of the Federal Defenders to take him to Ascensa Health when a bed becomes available.  The Marshal is specifically directed to release him at 3:00 a.m. central time on the date in question, to allow sufficient time for the Federal

4

Defenders to transport him for the 7:30 a.m. eastern time initial intake process at Ascensa Health.

(c) The Office of the Federal Defender is directed to remain at Ascensa Health until defendant Couch is admitted. If he is not admitted, the Officer of the Federal Defender is to return him to the custody of the United States Marshal. Within seven business days after defendant Couch is or is not admitted, the Office of the Federal Defender is to file a status report informing the court of the current admission status of defendant Couch in the Ascensa Health program.

(d) Defendant Couch is to secure and maintain gainful employment while at Ascensa Health, as required and permitted by Ascensa Health's rules.

(e) Defendant Couch is to undergo a psychiatric evaluation to determine whether he should receive psychotropic medication. The court understands this will be provided for through Ascensa Health, but if it is not, counsel for defendant Couch will be required to make other arrangements to fulfill this requirement.

5

(f) Defendant Couch is to undergo individual therapy. The court understands this will be provided for through Ascensa Health, but if it is not, counsel for defendant Couch will be required to make other arrangements to fulfill this requirement.

(g) Counsel for defendant Couch will arrange to deliver the two assessments by Dr. Adriana Flores to the staff of Ascensa Health.

(4) A status conference, to discuss how defendant Couch is progressing and whether sentencing should resume, is set for June 20, 2023, at 9:00 a.m. The courtroom deputy is to arrange for the status conference to be conducted by telephone.

(5) Three business days before the status conference, government and defense counsel are to file a report on how defendant Couch is progressing and whether sentencing should resume.

DONE, this the 8th day of December, 2022.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE